UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAPITOL RECORDS, L.L.C.; CAROLINE
RECORDS, INC.; VIRGIN RECORDS
AMERICA, INC.; COLGEMS-EMI MUSIC
INC.; EMI APRIL MUSIC INC.; EMI
BLACKWOOD MUSIC; EMI FULL KEEL
MUSIC; EMI FEIST CATALOG INC.; EMI
GOLDEN TORCH MUSIC CORP.; EMI GOLD
HORIZON MUSIC CORP.; EMI GROVE
PARK MUSIC, INC.; EMI LONGITUDE
MUSIC; EMI MILLER CATALOG INC.; EMI
ROBBINS CATALOG INC.; EMI U
CATALOG, INC.; EMI VIRGIN MUSIC, INC.;
EMI VIRGIN SONGS, INC.; EMI
WATERFORD MUSIC, INC.; JOBETE MUSIC
CO., INC.; SCREEN-GEMS-EMI MUSIC INC.;
STONE DIAMOND MUSIC,

                    Plaintiffs,

          -v-                                          No. 09 Civ. 01584 (LTS)(KNF)

SEEQPOD, INC.; FAVTAPE.COM, KAZIAN
FRANKS, RAF PODOWSKI, SHEKHAR
LODHA, and RYAN SIT,

                    Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01 FEB 2010

## MEMORANDUM ORDER

Plaintiffs Capitol Records, LLC, Caroline Records, Inc., Virgin Records America,

Inc. (collectively "EMI Music Plaintiffs"), Colgems-EMI Music, Inc., EMI April Music Inc.,

EMI Blackwood Music, EMI Full Keel Music, EMI Feist Catalog Inc., EMI Golden Torch Music

Corp., EMI Gold Horizon Music Corp., EMI Grove Park Music, Inc., EMI Longitude Music,

EMI Miller Catalog Inc., EMI Robbins Catalog Inc., EMI U Catalog, Inc., EMI Virgin Music,

Inc., EMI Virgin Songs, Inc., EMI Waterford Music, Inc., Jobete Music Co., Inc., Screen-Gems-

EMI Music Inc., and Stone Diamond Music (collectively "EMI Publishing Plaintiffs" and,

together with the EMI Publishing Plaintiffs, "Plaintiffs" or "EMI") bring suit against Kazian

Franks ("Franks"), Raf Podowski ("Podowski"), Shekhar Lodha ("Lodha") (collectively

"Moving Defendants"), SeeqPod, Inc. ("SeeqPod" and, together with Moving Defendants,

"SeeqPod Defendants"), Favtape.com ("Favtape"), and Ryan Sit ("Sit") (collectively "Favtape

Defendants" and, together with the SeeqPod Defendants, "Defendants") for direct, contributory

and vicarious copyright infringement, and inducement of copyright infringement of various

music compositions and sound recordings owned by Plaintiffs, in violation of the Copyright Act,

17 U.S.C. § 101, *et seq*. The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331

and 1338(a) and (b).

Moving Defendants seek the dismissal of the Complaint for lack of personal

jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure and request

attorney's fees and costs. Plaintiffs oppose the motion, and alternatively seek limited discovery

on facts relating to personal jurisdiction over the SeeqPod Defendants. The Court has considered

thoroughly all of the parties' submissions and, for the following reasons, grants Moving

Defendants' Motion to Dismiss the Complaint for lack of personal jurisdiction, denies Plaintiff's

request for limited discovery on the jurisdiction issue, and denies Moving Defendants' request

for attorney's fees plus costs.

## BACKGROUND

The following facts, alleged in the Complaint and in Plaintiffs' submissions and

the uncontroverted portions of Moving Defendants' submissions in connection with the instant

motion practice, are taken as true for the purposes of the instant motion to dismiss. SeeqPod is a

Delaware corporation with its principal place of business in Emeryville, California, and operates

the website www.seeqpod.com. (Compl. ¶¶ 25-26; First Declaration of Kazian Franks in support

of Defs.' Mot. to Dismiss ("Franks Decl.") ¶ 2; First Declaration of Chandra Shekhar M. Lodha

in support of Defs.' Mot. to Dismiss ("Lodha Decl.") ¶ 2; First Declaration of Raf Podowski in

support of Defs.' Mot. to Dismiss ("Podowski Decl.") ¶ 2.) The SeeqPod website allows users to

search for music and music-related content on the internet. The search results are presented to

users as direct links to allegedly unlawful mp3 files of copyrighted sound recordings and music

compositions that are owned by Plaintiffs. (Compl. ¶ 48.) Clicking on a link reproduces the

recording and composition via streaming technology and SeeqPod's mp3 software player, and

also saves a music file in the user's temporary internet file folder that can then be saved by the

user into a permanent folder. (Id. ¶¶ 48, 59.) SeeqPod also sells, for $9.95, an application for

Windows Mobile devices that allows users to play allegedly infringing recordings from any

Windows Mobile-powered device. (Id. ¶ 62.) SeeqPod does not own any licenses or pay royalty

fees to Plaintiffs to reproduce any of Plaintiffs' sound recordings or music compositions. (Id. ¶

57.) The SeeqPod website receives more than 45 million unique visitors per month and these

visitors perform more than seven million music-related queries per day. (Id. ¶ 49.) The website

is accessible by New York residents. (See Franks Decl. ¶ 2; Podowski Decl. ¶ 2; Lodha Decl. ¶

2.)

        Other than being available to New York residents over the Internet, SeeqPod

transacts no business in the State of New York. (Franks Decl. ¶ 2; Podowski Decl. ¶ 2; Lodha

Decl. ¶ 2.) SeeqPod has no bank accounts or property in New York, has no phone listing in New

York, has no agents in New York, does not use any individuals or companies in New York to

promote its interests, has never solicited business in New York, and has not contracted anywhere to supply goods or services in New York. (Franks Decl. ¶ 2; Podowski Decl. ¶ 2; Lodha Decl. ¶ 2.) The web site www.seeqpod.com has been registered in Berkeley, California since its inception. (Franks Decl. ¶ 2; Podowski Decl. ¶ 2; Lodha Decl. ¶ 2.)

Defendant Franks is the co-founder, co-inventor, and chief executive officer of SeeqPod, as well as an investor. (Compl. ¶ 26; Franks Decl. ¶ 2.) Franks is a resident of California and has never lived in New York, nor does he own property, have a bank account, or a phone listing in New York. (Franks Decl. ¶ 1.) Franks does not transact, nor has he transacted, business on behalf of SeeqPod in New York. (Id.) Franks is responsible for the day-to-day management of SeeqPod. (Franks Decl. ¶ 3.) He is also "primarily responsible for all decisions made with regard to the SeeqPod Site, service, software and algorithms." (Compl. ¶ 29.)

Defendant Podowski is a co-founder, co-inventor, and former Chief Scientific Officer of SeeqPod, as well as an investor. (Compl. ¶ 27; Podowski Decl. ¶¶ 2, 4.) Podowski is a resident of California and has never lived in New York, nor does he own property, have a bank account, or a phone listing in New York. (Podowski Decl. ¶ 1.) Podowski does not transact, nor has he transacted, business on behalf of SeeqPod in New York. (Id.)

Defendant Lodha is a co-founder and investor in SeeqPod. (Compl. ¶ 28.) Lodha is the Chairman of SeeqPod's Board and holds no officer position with SeeqPod. (See Lodha Decl. ¶ 2). Lodha is a resident of California and has never lived in New York, nor does he own property, have a bank account, or a phone listing in New York. (Id. ¶ 1.) Lodha does not transact, nor has he transacted, business on behalf of SeeqPod in New York. (Id.)

## DISCUSSION

A plaintiff opposing a Rule 12(b)(2) motion to dismiss a complaint for lack of

personal jurisdiction has the burden of establishing that the court has jurisdiction over the

defendants. See Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 784

(2d Cir. 1999). Where, as here, no discovery has taken place and no evidentiary hearing has been

held, Plaintiffs can satisfy their burden by making allegations legally sufficient to establish a

prima facie case for the exercise of jurisdiction. See PDK Labs v. Friedlander, 103 F.3d 1105,

1108 (2d Cir. 1997); In re Sumitomo Copper Litig., 120 F. Supp. 2d 328, 334 (S.D.N.Y. 2000).

The Court may rely on the factual allegations contained in the Complaint as well as on affidavits

submitted by the parties, and must draw all factual inferences and resolve any doubts in favor of

Plaintiffs notwithstanding contrary information proffered by the moving parties. See Beatie and

Osborn LLP v. Patriot Scientific Corp., 431 F. Supp. 2d 367, 386 (S.D.N.Y. 2006) (citing A.I.

Trade Finance, Inc. v. Petra Bank, 989 F.2d 76, 79-80 (2d Cir. 1993)); In re Sumitomo Copper

Litig., 120 F. Supp. at 335. "However, conclusory allegations are not enough to establish

personal jurisdiction." Gmurzynska v. Hutton, 257 F. Supp. 2d 621, 625 (S.D.N.Y. 2003)

(citation and internal quotation marks omitted), aff'd, 355 F.3d 206 (2d Cir. 2004); see Yellow

Page Solutions, Inc. v. Bell Atl. Yellow Pages Co., No. 00 Civ. 5663 (MBM), 2001 WL

1468168, at *3 (S.D.N.Y. Nov. 19, 2001) (holding that a plaintiff cannot rely on conclusory

statements or allegations in opposing a 12(b)(2) motion; rather, the prima facie showing must be

"factually supported").

"District courts resolving issues of personal jurisdiction must . . . engage in a

two-part analysis." Bank Brussels Lambert, 171 F.3d at 784. First, the Court "must determine

whether there is jurisdiction over the [Moving D]efendant[s] under the relevant [New York] laws." Id. Second, if the relevant state law permits the exercise of jurisdiction, the Court "must determine whether an exercise of jurisdiction under these laws is consistent with federal due process requirements." Id. (citing Metropolitan Life Ins. Co. v. Robertson-Ceco Corp., 84 F.3d 560, 567 (2d Cir. 1996)). Here, the Complaint must be dismissed as against the Moving Defendants because, as explained below, the first prong of the test is not met.

New York law provides for both general and specific jurisdiction over non-domiciliary defendants. Plaintiffs do not contend that Moving Defendants' contacts with New York are so "continuous and systematic" as to make them generally subject to the jurisdiction of the New York courts pursuant to N.Y. C.P.L.R. § 301. See Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC, 450 F.3d 100, 103 (2d Cir. 2006). Rather, Plaintiffs assert that the Court has personal jurisdiction over the Moving Defendants in their individual capacities and as principals of SeeqPod[1] pursuant to the long-arm statute, N.Y. C.P.L.R. § 302(a), because:

> Defendants reproduce, distribute and/or publicly perform – and encourage, induce, contribute to, and profit from, the reproduction, distribution, display and/or performance by others of – copyrighted music, including sound recordings and music compositions owned or controlled by EMI.

(Compl. ¶ 2.)

> Defendants are primarily responsible for all decisions made with regard to the SeeqPod Site, service, software and algorithms.

(Compl. ¶ 29.)

---

[1]    See Kreutter v. McFadden Oil Corp., 71 N.Y.2d 460, 467 (1988) (holding that jurisdiction over a corporation can be imputed to individuals for whom it acts as agent only when jurisdiction over the corporation is demonstrated under C.P.L.R. § 302(a)(1)).

The unlawful activities that occur on and via the SeeqPod site and service . . .
are made under the direction, supervision and/or control of the SeeqPod
Defendants, and each of them. The SeeqPod Defendants, and each of them,
have contributed to and do contribute to those actions.

(Compl. ¶ 46.)

Defendants, acting alone and in concert with others, transact business within
New York State and in this District and supply goods and services in New
York State, including by distributing copyrighted sound recordings and musical
compositions to customers in New York State, and by encouraging, inducing
and contributing to the reproduction, distribution and/or performance of
copyrighted sound recordings and musical compositions by customers in New
York State.

(Compl. ¶ 37.)

Defendants commit tortious acts of copyright infringement within New York
State every time they distribute copyrighted sound recordings and musical
compositions to customers in New York State, and/or encourage, induce and/or
contribute to the reproduction, distribution and/or performance of copyrighted
sound recordings and musical compositions by customers in New York State.

(Compl ¶ 38.)

Defendants' unlawful reproduction, distribution and/or performance of
copyrighted sound recordings and musical compositions outside New York
State, and/or encouragement, inducement and/or contribution to the
reproduction, distribution and/or performance of copyrighted sound recordings
and musical compositions by customers outside of New York State, also
constitute the commission of tortious acts without the state causing injury to
EMI and its properties within New York State by a party that (a) regularly does
or solicits business in New York State, (b) engages in a persistent course of
conduct in New York State, (c) derives substantial revenue from goods used or
consumers or services rendered in New York State, or (d) expects or should
reasonably expect its acts to have consequences in New York State and derives
substantial revenue from interstate commerce.

(Compl ¶ 39.)

Other than these statements, which Plaintiffs reiterate in their opposition to the

instant motion, Plaintiffs make no specific factual allegations with regard to any of the C.P.L.R.

§ 302(a) bases for long-arm jurisdiction over any of the Moving Defendants or as to any relevant details of Defendants' activities with respect to New York. Plaintiffs' broad conclusory statements are but rote restatements of the relevant statutory language and, as explained below, do not constitute a prima facie showing of jurisdiction pursuant to C.P.L.R. § 302(a). See Jazini v. Nissan Motor Co., Ltd., 148 F.3d 181, 185 (2d Cir. 1998) (explaining that "conclusory statements . . . without any supporting facts . . . [that] are but a restatement of . . . the factors to be considered under the [applicable] standards" are insufficient and that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

      To make a prima facie showing of jurisdiction pursuant to Section 302(a)(1), a plaintiff must proffer facts sufficient to establish that the defendant transacted business within the state of New York and that plaintiff's action arises from that transaction of business. N.Y. C.P.L.R. § 302(a)(1); see also Sole Resort, 450 F.3d at 104. For purposes of the long-arm statute, a party "transacts business" within the state when it "purposefully avails itself of the privilege of conducting activities within New York." Ehrenfeld v. Bin Mahfouz, 9 N.Y.3d 501, 508 (2007) (internal quotations, citations, and alteration omitted). Purposeful availment requires more than "'random, fortuitous, or attenuated contacts.'" Capitol Records, LLC v. VideoEgg, Inc., 611 F. Supp. 2d 349, 358 (S.D.N.Y. 2009) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)). Here, Plaintiffs fail to allege any specific facts with regard to any transactions made in New York by any of the Moving Defendants and therefore fail to establish jurisdiction over any of the Moving Defendants pursuant to N.Y. C.P.L.R. § 302(a)(1). To the extent Plaintiffs' jurisdictional contentions are premised on the availability of the SeeqPod website to New Yorkers, Plaintiffs' effort to proffer a prima facie case fails because they have

alleged no facts demonstrating interactive conduct with the website by New Yorkers, much less the requisite purposeful transactional activity directed to New York. Cf. VideoEgg, 611 F. Supp. 2d at 358-59 (collecting cases demonstrating that "mere interactivity [of a website] is not enough to support jurisdiction" and that further evidence of purposeful availment is required); ISI Brands, Inc. v. KCC Int'l, Inc., 458 F. Supp. 2d 81, 87 (E.D.N.Y. 2006) ("Courts are reluctant to find personal jurisdiction unless the website specifically targets New Yorkers, or is aimed at New York users"); Seldon v. Direct Response Techs. Inc., No. 03 Civ 5381 (SAS), 2004 WL 691222, *4 (S.D.N.Y. Mar. 31, 2004) ("jurisdiction will lie only if the posting is intended to target or focus on internet users in the state where the cause of action is filed").

To make a prima facie showing of jurisdiction pursuant to Section 302(a)(2), a plaintiff must proffer facts demonstrating that the defendant committed a tortious act within the state of New York and that plaintiff's action arises from the tortious act. N.Y. C.P.L.R. § 302(a)(2). New York courts have interpreted the language "within the state" literally, such that the exercise of jurisdiction over a defendant who commits a tortious act is proper only when the defendant was physically present in the state when the act was committed. See Bensusan Restaurant Corp. v. King, 126 F.3d 25, 28-29 (2d Cir. 1997). Plaintiffs do not allege that any of the Moving Defendants was ever physically present in New York. Rather, Plaintiffs appear to assert that jurisdiction under C.P.L.R. § 302(a)(2) is appropriate over the Moving Defendants because they were the creators, owners and operators of SeeqPod, and the SeeqPod website was accessible to New York residents. Although infringing material on a website may be viewed anywhere, this does not mean that the infringement actually occurs everywhere. Citigroup Inc. v. City Holding Co., 97 F. Supp. 2d 549, 567 (S.D.N.Y. 2000). Rather, "courts have held that in

the case of web sites displaying infringing [material] the tort is deemed to be committed where the web site is created and/or maintained." Id. at 567; accord Bensusan, 126 F.3d at 29. In the instant case, Plaintiffs do not assert that the SeeqPod website was created or maintained in New York, or that any of the individual Defendants was ever physically present in New York. Thus, Plaintiffs have not made a prima facie demonstration of jurisdiction over any of the Moving Defendants pursuant to C.P.L.R. § 302(a)(2).

To make a prima facie showing of jurisdiction pursuant to Section 302(a)(3), a plaintiff must demonstrate that the defendant committed a tortious act without the state of New York causing injury within the state, that the defendant either (1) regularly engages in business or other conduct in, or derives substantial revenue from, the state of New York, or (2) expects or should expect the tortious act to have consequences in New York and derives substantial revenue from interstate or international commerce, and that plaintiff's action arises from the tortious act. N.Y. C.P.L.R. § 302(a)(3). Each element of Section 302(a)(3) is "essential," and if a plaintiff fails to proffer sufficient evidence supporting any element of the relevant prong, "it is dispositive of the issue" of personal jurisdiction under this provision. Overseas Media, Inc. v. Skvortsov, 407 F. Supp. 2d 563, 575 (S.D.N.Y. 2006) (quoting Trafalgar Capital Corp. v. Oil Producers Equip. Corp., 555 F. Supp. 305, 310 (S.D.N.Y. 1983) (abrogated on other grounds)). Since Plaintiffs fail to address the individual elements of either prong of the jurisdictional standard under C.P.L.R. § 302(a)(3) but, rather, rely on broad conclusory statements, they have failed to proffer sufficient evidence to establish jurisdiction under N.Y. C.P.L.R. § 302(a)(3).

*Discovery*

In anticipation of the Court's adverse holding regarding personal jurisdiction,

Plaintiffs request leave to conduct limited jurisdictional discovery to uncover facts needed to establish personal jurisdiction over the Moving Defendants. District courts have the discretion to grant discovery to explore factual issues relating to personal jurisdiction. See, e.g., Visual Sciences, Inc. v. Integrated Communications Inc., 660 F.2d 56, 58 (2d Cir. 1981). However, a plaintiff must make a prima facie showing of personal jurisdiction before a grant of such discovery is appropriate. See Jazini, 148 F.3d at 185-86. Since Plaintiffs have failed to make such a prima facie showing, the Court denies Plaintiffs' request for discovery. See Lehigh Valley Indus., Inc. v. Birenbaum, 527 F.2d 87, 93-94 (2d Cir. 1975) (finding that "there was no abuse of discretion below in denying discovery" where the plaintiff's allegations failed to satisfy the relevant standard for jurisdiction).

### Attorney's Fees

Moving Defendants request an award of attorneys' fees and costs pursuant to the Court's inherent power to "supervise and control its own proceedings." (Defs.' Mem. of Law 16, citing Chambers v. NASCO, Inc., 501 U.S. 32, 43-44 (1991).) The Court may exercise its inherent power to impose such a sanction "when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" Chambers, 501 U.S. at 45-46 (quoting Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 258-59 (1975)). "[B]ecause of the 'very potency' of a court's inherent power, it should be exercised 'with restraint and discretion.'" United States v. Int'l Bhd. of Teamsters, 948 F.2d 1338, 1345 (2d Cir. 1991) (quoting Chambers, 501 U.S. at 44). "[T]his Court, in recognizing the need for restraint, has always required a particularized showing of bad faith to justify the use of the court's inherent power." Id. Cf. United States v. Seltzer, 227 F.3d 36, 40-41 (2d Cir. 2000) (no bad faith showing required where attorney's

misconduct was not undertaken in furtherance of client's interests).

Moving Defendants have made no showing that Plaintiffs have acted in bad faith, vexatiously, wantonly, or for oppressive reasons in asserting that personal jurisdiction exists over the Moving Defendants. None of the cases cited in support of Defendants' request for sanctions involved conduct comparable to that exhibited by Plaintiffs in the instant case. There is no indication that Plaintiffs were "motivated by improper purposes, such as harassment or delay," Milltex Indus. Corp. v. Jacquard Lace Co., Ltd., 55 F.3d 34, 38 (2d Cir. 1995) (internal quotations and citations omitted), asserted claims that they knew were contrary to applicable law, Baker v. Urban Outfitters, Inc., 431 F. Supp. 2d 351, 364-67 (S.D.N.Y. 2006), or disregarded prior rulings in this action, Jackson v. The Scotts Company, No. 08 Civ. 1064 (LAK), 2008 U.S. Dist. Lexis 51139 (S.D.N.Y. July 3, 2008). In short, Plaintiffs' failure to adequately plead facts supporting a prima facie showing of personal jurisdiction over the Moving Defendants does not rise to the level of misconduct warranting the requested sanction. That request is therefore denied.

## CONCLUSION

For the foregoing reasons, the Court grants Moving Defendants' motion to dismiss the Complaint as against them for lack of personal jurisdiction, denies Moving Defendants' request for attorney's fees and costs, and denies Plaintiffs' request for discovery. The remaining parties – except Seeqpod, to the extent that the bankruptcy stay remains in effect –

are directed to prepare for the previously scheduled March 23, 2010, pre-trial conference in

accordance with the Initial Conference Order dated February 26, 2009.

This Memorandum Order resolves docket entry no. 17.

SO ORDERED.

Dated: New York, New York
February 1, 2010

LAURA TAYLOR SWAIN
United States District Judge